JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Tahirah Gaines, appeals her conviction for assault. We affirm.
 {¶ 2} At trial, the victim, Emelda Snype, testified that she entered the Wolf's Den, a Cleveland bar, at approximately 11 p.m. on January 31, 2006. She approached the table where her daughter and her daughter's friends were sitting, and bent down to hug one of the women. As she stood up, she heard someone say, "[l]et's get it on," and then saw Gaines pick up a beer bottle "backwards." Snype turned her head and was struck in the head with a bottle.
 {¶ 3} A melee ensued. Chere Grace, one of the women involved in the fight, testified that the fight was over two seats in the bar. Grace testified that she and her friends, including Gaines, were sitting at a table in the bar, but when two of her friends left the table to go to the bathroom, two other women took their seats. Grace asked the women to leave, and they began arguing with Grace and her friends. Gaines's sister then jumped over the table and began fighting with one of the women, and, according to Grace, "all of a sudden everybody was like going towards the wall."
 {¶ 4} Gaines, her sister, Grace, and another woman were apprehended and arrested after they ran out of the bar and into a nearby yard. According to Grace, as the women were in the yard immediately after the fight, Gaines told them that she had "f — — d the bitch up with a bottle." Grace admitted, however, that she told the *Page 4 
police about Gaines' alleged statement only after a police detective told her that Snype had identified "a woman with platinum blonde hair," which Grace had at the time of the fight, as the woman who hit her with the beer bottle.
 {¶ 5} Snype's daughter, Rodneysha Adams, likewise identified Gaines as the woman who threw a beer bottle at her mother, although she admitted that she could not describe the other three women who had been involved in the fight.
 {¶ 6} Cleveland police detective Leroy Gilbert interviewed Gaines the day after the fight. Gaines admitted to Gilbert that she had been involved in the fight, but insisted that she had only been trying to get the women off her sister. Gaines denied throwing a beer bottle at anyone and told Gilbert that she was not aware that a beer bottle had been thrown during the fight.
 {¶ 7} After a bench trial, the trial court found Gaines guilty of assault, a lesser included offense of felonious assault, with which Gaines had been charged. The trial judge sentenced her to six months incarceration, suspended, and five years probation and ordered her to pay restitution in an unspecified amount to the victim.
Victim Impact Testimony
 {¶ 8} The fight happened on a Tuesday night and Snype was hospitalized for three days following the fight as a result of her injuries. At trial, in response to the prosecutor's question regarding what plans she had made for that week, Snype testified, over defense counsel's objection, that she had planned to get married that Saturday, but was not able to do so "because my jaw was broke and I couldn't eat. I *Page 5 
had no balance. I couldn't walk." In addition, Snype testified that, as a result of her injuries, she could not go back to work until June 2006. In her first assignment of error, Gaines argues that this testimony was impermissible victim impact testimony. She contends that victim impact testimony is never admissible during the guilt phase of a trial, and that Snype's testimony "had no probative value in the case," and served only to taint and bias the finder of fact, thus violating her right to a fair trial.
 {¶ 9} In State v. McKnight, 107 Ohio St.3d 101, 2005-Ohio-6046, 4|98, the Ohio Supreme Court found that "[e]vidence relating to the facts attendant to the offense is `clearly admissible' during the guilt phase, even though it might be characterized as victim impact evidence." See, also, State v. Fautenberry (1995), 72 Ohio St.3d 435, 440,1995-Ohio-209, ("Evidence which depicts both the circumstances surrounding the commission of the murder and also the impact of the murder on the victim's family may be admissible during both the guilt and the sentencing phases.") Thus, contrary to Gaines's argument, so-called victim impact evidence is admissible during the guilt phase of a trial if it relates to facts surrounding the offense.
 {¶ 10} Gaines was charged with felonious assault, in violation of R.C.2903.11. Accordingly, the State was required to prove beyond a reasonable doubt that she knowingly caused or attempted to cause "serious physical harm" to Snype. Under R.C. 2901.01(A)(5), "serious physical harm" includes "any physical harm that *Page 6 
involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity" and "any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 11} Snype's testimony described the injuries she sustained as a result of the attack. Even though her testimony described the impact of the assault on her wedding plans and ability to work, it was also probative of the element of serious physical harm as defined by the Ohio Revised Code and, therefore, was not admitted in error. See, State v.Jackson, Cuyahoga App. No. 88345, 2007-Ohio-2925, ¶s 15-23; State v.King, Cuyahoga App. No. 80596, 2002-Ohio-6220, ¶s 24-40.
 {¶ 12} Appellant's first assignment of error is overruled.
Manifest Weight of the Evidence
 {¶ 13} In her second assignment of error, Gaines contends that her conviction was against the manifest weight of the evidence, because Snype, Adams, and Grace were not credible witnesses. Gaines argues that there were inconsistencies between the statements Snype, Adams, and Grace gave to the police and their testimony at trial, and thus "the credibility of these three individuals is questionable."
 {¶ 14} A manifest weight challenge questions whether the State has met its burden of persuasion at trial. State v. Thompkins (1997),78 Ohio St.3d 380, 390. The reviewing court acts as a "thirteenth juror" and may disagree with the factfinder's resolution of conflicting testimony. Id. The court must review the record, *Page 7 
weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury `"clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 15} Our review of the record reveals no miscarriage of justice in this case. Gaines admitted that she was involved in the altercation and two witnesses testified that she hit Snype with a beer bottle during the fight. Another witness testified that Gaines told her that she "f — — d the bitch up" with a beer bottle. The evidence in the record demonstrates, beyond a reasonable doubt, that Gaines assaulted Snype during the fight by hitting her in the head with a beer bottle. Although Gaines complains about the credibility of the witnesses against her, the record demonstrates that defense counsel cross-examined the witnesses about the alleged inconsistencies and any credibility issues were for the trier of fact to resolve. State v. DeHass (1967), 10 Ohio St.2d 230. The trier of fact apparently found the testimony credible and we find nothing in the record that would cause us to conclude otherwise.
 {¶ 16} Appellant's second assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and MARY J. BOYLE, J., CONCUR *Page 1